**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**NORTHERN DIVISION**

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**

**VS.**                              **CRIMINAL NO.: 3:18-CR-135-DCB-LGI**

**Kelvin Roy Thompson**
**a/k/a HOT a/k/a OLDSCHOOL**                          **DEFENDANT**

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Kelvin Roy
Thompson ("Defendant")'s Motion Compassionate Release. [ECF No.
41]. Having reviewed the Motion, the response in opposition, the
applicable statutory and case law, and being otherwise fully
informed in the premises, the Court finds as follows:

BACKGROUND

Defendant pleaded guilty to the crime of Possession with
Intent to Distribute 5 Grams or More of Methamphetamine (Actual)
under 21 U.S.C. § 841(a)(1) and (b)(1)(B). [ECF No. 40]. This Court
sentenced the Defendant on December 10, 2019, to serve seventy-
five (75) months in prison followed by five (5) years of supervised
release. The Defendant is currently incarcerated at Federal
Correctional Institution ("FCI") Butner Medium II located in
Butner, North Carolina and is scheduled to be released on July 3,
2023.

1

On July 23, 2020, the Defendant petitioned the warden of FCI Butner Medium II for compassionate release based upon his medical concerns and his "severe high blood pressure, pacemaker, high cholesterol, diagnosis of Hepatitis B, and an expected release date of July 3, 2023." [ECF No. 41] at 1; See [ECF No. 41-1]. The Federal Bureau of Prisons ("BOP") responded and denied Defendant's request for compassionate release on August 11, 2020. [ECF No. 41-2]. Defendant received a follow-up response to the initial denial [ECF No. 41-2] from the BOP on October 1, 2020, further denying Defendant's request. [ECF No. 41-3]. This denial also informed Defendant that he could appeal this decision within 20 calendar days from the date of the BOP's response. Id. Defendant filed a renewed request for compassionate release on August 24 and October 10, 2020. [ECF No. 41-4]; [ECF No. 41-5]. The BOP denied Defendant's renewed request on December 11, 2020, informing Defendant that he could appeal this decision within 30 days following BOP's response. [ECF No. 41-6].

Following the final response from BOP, Defendant filed his Motion for Compassionate Release in this Court on February 22, 2021, pursuant to 18 U.S.C. §3582(c)(1)(A). [ECF No. 41]. Defendant claims that his age, severe high blood pressure, pacemaker, high cholesterol, Type 2 Diabetes, and a diagnosis of Hepatitis B make him "more vulnerable to COVID-19 than other inmates." [ECF No. 41] at 2,9.

<u>DISCUSSION</u>

I.   <u>Exhaustion of Administrative Remedies</u>

Title 18 U.S.C. § 3582(c)(1)(A) authorizes a district court to grant a reduction of sentence:

> [U]pon motion by the Director of the Bureau of Prisons" upon motion of the defendant or after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 (thirty) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

The Fifth Circuit Court of Appeals held that the requirement to exhaust the administrative requirement of the statute (§ 3582(c)(1)(A)) is mandatory. <u>United States v. Franco</u>, 973 F.3d 465 (5th Cir. 2020). The record shows three responses from the BOP denying Defendant's compassionate release request. [ECF 41-2,3,6]. The Government does not dispute that Defendant has exhausted his administrative remedies. Thus, the issue of whether Defendant exhausted his administrative remedies is not at dispute.

II.   <u>Extraordinary and Compelling Reasons</u>

The Defendant moves this Court for a reduction of his sentence or release under Section 3582(c)(1)(A)(i), which permits the sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and where "a reduction [would be] consistent with applicable policy statements issued by

3

the Sentencing Commission," after consideration of the factors set forth in 18 U.S.C. 3553(a).

The United States Sentencing Commission has established guidelines to determine what constitutes an extraordinary and compelling reason for compassionate release. Although not dispositive, the commentary to the United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 is instructive regarding what may be sufficiently "extraordinary and compelling" to warrant compassionate release. United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021); United States v. Rivas, 833 F. App'x 556, 558 (5th Cir. 2020) (upholding denial of compassionate release and recognizing that the court was guided in its analysis by the commentary to U.S.S.G. § 1B1.13); United States V. Romez Jose Sabagh Cajeli, No. 4:13-Cr-38(17), 2021 WL 1616894, at *3 (E.D. Tex. Apr. 23, 2021) ("[W]hile recognizing that they are not binding, the court finds that the Commission's policy statement contained in § 1B1.13 and the commentary thereto inform its analysis as to what reasons may be deemed sufficiently extraordinary and compelling to warrant compassionate release.").

The comments to the U.S.S.G. provide four reasons that may justify the reduction of a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) a catch-all for other reasons. See U.S.S.G. § 1B1.13, Application Note 1(A)-(D) (2018). In his Motion, Defendant relies on his medical condition and his

age to justify a reduction in his prison term. The comments to the U.S.S.G. describe the circumstances in which a "[m]edical [c]ondition might be sufficiently serious to warrant release, which are: where the defendant has either (i) a terminal illness or (ii) a condition "that substantially diminishes the ability of the defendant to provide self-care. . .". U.S.S.G. § 1B1.13, Application Note 1(A); Thompson, 984 F.3d at 433. The comments to the U.S.S.G. also describe the circumstances in which "[a]ge might be sufficiently serious to warrant release, which are: (i) [Defendant] is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, Application Note 1(B); Thompson, 984 F.3d at 433.

Defendant has not submitted submit any medical records for the Court's review. Defendant claims to suffer from severe high blood pressure, has a pacemaker, high cholesterol, and a diagnosis of Hepatitis B. [ECF No. 41] at 1. Defendant also claims to have a history of "significant heart problems" and suffers from coronary artery disease, hyperlipidemia, and Type 2 Diabetes. Id. at 8-9. However, there is no indication that his hypertension and other medical ailments are terminal illnesses or that he has suffered any diminished quality in caring for himself. There are no records that the Defendant is suffering "extraordinary and compelling

circumstance' which would warrant Defendant's release from incarceration. United States v. Ayon-Nunez, No. 1:16-CR-130-DAD, 2020 WL 704785, at *2-3 (E.D. Cal. Feb. 12, 2020) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.").

This Court is aware that current CDC publications indicate that people with hypertension and/or who are severely obese (BMI > 40 kg/m2) can be more likely to get severely ill from COVID-19. Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 23, 2021).  However, this Court also is aware that many decisions from the Fifth Circuit and other courts have found that hypertension is not considered an extraordinary and compelling reason that justifies compassionate release. E.g., Thompson, 984 F.3d at 432-35; United States v. Gowdy, 832 F. App'x 325, 327 (5th Cir. 2020) (medicinally controlled hypertension was not an extraordinary and compelling reason for compassionate release); United States v. Stark, 831 F. App'x 129, 130 (5th Cir. 2020)(affirming the district court's finding that defendant's obesity, hyperlipidemia, and family history of heart disease, high blood pressure, and stroke did not put defendant at a heightened risk of exposure to the virus); United States v. Leavell, No. 2:07-cr-202-SM-JVM-1, 2021 WL 1517912, at *3 (E.D. La. Apr. 16, 2021)

(defendant with high blood pressure, diabetes and obesity alleged nothing more than general concerns about possible exposure to COVID-19 and was not entitled to relief under § 3582); United States v. Ferrell, No. 1:16-cr-259-TWP-MJD-1, 2020 WL 3871210, at *5, (S.D. Ind. July 8, 2020) (although CDC has stated that hypertension has been associated with increased illness severity and adverse outcomes, "association is not necessarily causation. . .."). As the district court aptly observed in United States v. Ferrell, "A compassionate release is an extraordinary and rare event, even during the present pandemic." Id. at *5.

Recently, the courts have considered the BOP's implementation of its COVID-19 vaccination program in analyzing requests for compassionate release. E.g., Leavell, 2021 WL 1517912, at *3. As described by the BOP:

> The Bureau of Prisons (BOP) is working with the Centers for Disease Control and Prevention (CDC) and the Federal Government's COVID-19 Vaccine/Therapeutics Operation (formerly known as Operation Warp Speed), to ensure the BOP remains prepared to receive and administer the COVID-19 vaccine as it is made available. The BOP has. . . administered 202,910 doses of the COVID-19 vaccine.

Federal Bureau of Prisons, BOP Modified COVID-19 Operations Plan, https://www.bop.gov/coronavirus/ (last visited July 23, 2021). The BOP website indicates that, at FCI Butner where Defendant is incarcerated, 896 staff members, the current highest of any prison facility, and 2,477 inmates have been fully inoculated (2 doses)

with the COVID-19 vaccine as of 07/22/ 2021. The record before the
Court does not indicate whether the Defendant has been vaccinated.
Nonetheless, the ongoing BOP vaccination program at FCI Butner is
an important consideration in evaluating Defendant's risk and a
significant factor in the Court's conclusion that his medical
conditions are insufficient to warrant an early release.

Regarding Defendant's age argument, Defendant is currently 62
years of age and does not meet the age requirement of being at
least 65 years of age under the Sentencing Guideline. As analyzed
above, there is no evidence Defendant is in deteriorating physical
or mental health, and Defendant has not served at least 75 percent
of his sentence. Defendant has not met any element under the age
justification for compassionate release; therefore, Defendant's
age is not a factor regarding his Motion for Compassionate Release.

### III. <u>Section 3553(a) Factors</u>

Even if extraordinary and compelling reasons for early
release did exist, the Sentencing Guidelines' policy statements
provide for a reduction in sentence only after this Court fully
considers the factors set forth in 18 U.S.C. § 3553(a). U.S.S.G.
§ 1B1.13. Factors relevant to this inquiry include:

> (1) the nature and circumstances of the offense and the
> defendant's history and characteristics; (2) the need
> for the sentence imposed: **(A)** to reflect the
> seriousness of the offense, to promote respect for
> the law, and to provide just punishment for the

offense;**(B)** to afford adequate deterrence to criminal conduct;**(C)** to protect the public from further crimes of the defendant; and **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

See 18 U.S.C. § 3553(a). U.S.S.G. § 1B1.13.

In his Motion, the Defendant made the following comment, "[w]hile incarcerated, [Defendant] has attempted to educate himself and take classes to better himself." [ECF No. 41] at 9. Despite this comment, Defendant does not address the issue of his potential danger to society. United States v. Ibarra-Zelaya, No. 4:04-CR-150-2, 2021 WL 1092375, at *3–4 (S.D. Tex. Mar. 22, 2021) (a reduction in sentence was not warranted in case where the defendant did not provide evidence or allege facts showing that he "is not a danger to the safety of any other person or to the community"); United States v. Maldonado, No. 4:15-CR-632-1, 2021 WL 981812, at *4 (S.D. Tex. Mar. 16, 2021).

The Government does address the § 3553(a) factors and the fact that this Court must determine whether Defendant poses a danger to community safety under those factors. See [ECF No. 44] at 10. The Government argues in its response in opposition to Defendant's Motion that Defendant has had multiple arrests specifically related to controlled substances prior to his current incarceration. Id. at 11. The Defendant also has prior convictions

including possession of stolen property, controlled substances, contempt of court, and domestic violence Id. With Defendant's history of drug and domestic violence, it is reasonable to believe he continues to pose a danger and harm to the community. Defendant also poses a threat of recidivism. See 18 U.S.C. § 3553(a)(2)(c); Tucker v. United States, No. 2:17-CR-87, 2020 WL 4740480, at *3 (E.D. Va. Aug. 14, 2020)(compassionate release not appropriate where facially nonviolent offenders still present a substantial threat of recidivism); Dinning v. United States, 2020 WL 1889361, at *3 (E.D. Va. Apr. 16, 2020) (denying compassionate release because the petitioner "poses an ongoing danger to the community" based on his stated desire to return to the same positions of trust that facilitated his offense).

Defendant did not submit a formal proposed release plan but included a brief plan within his Motion. [ECF. No. 41] at 1. Defendant plans to reside in Jacksonville, Florida with his brother and plans to secure employment there. Id. However, Defendant does not include any information regarding possible employment opportunities or plans. Defendant also ensures the Court that his brother will provide Defendant a "safe environment with a limited risk of COVID-19." See Id. Having no formal release plan, there is no assurance Defendant will be able to secure employment in Florida, and the court is not ensured that his brother will be

capable of keeping his brother more safe and secure from the threat of COVID-19 than FCI Butner.

The Defendant has presented no evidence to the Court that, as a released inmate, he would be more safe and secure from COVID-19 risks than he has been while incarcerated. United States v. Chambliss, 948 F.3d 691, 694 (affirming the district court's consideration of the defendant's need for effective medical treatment in balancing the Section 3553(a) factors and denying the defendant's Motion for compassionate release).

For all the reasons stated herein, the Court concludes that there are no extraordinary and compelling reasons and no justification under Section 3553(a) to support the Defendant's request for early release under 18 U.S.C. § 3582(c)(1)(A).


Accordingly,

IT IS HEREBY ORDERED that the Defendant's Motion for Compassionate Release [ECF No. 41] is DENIED.

SO ORDERED, this the 28th day of July, 2021.

/s/David Bramlette

UNITED STATES DISTRICT COURT